UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PRINCE CHARLES COTTEN, SR., | ) | Case No.: 1:20 CV 565 |
| Petitioner | ) ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) | |
| WARDEN LYNEAL WAINWRIGHT, | ) ) | |
| Respondent | ) | ORDER OF TRANSFER |

*Pro Se* Petitioner Prince Charles Cotten, Sr. filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and 28 U.S.C. § 1651. Petitioner is currently incarcerated in the Marion Correctional Institution, having been convicted in 1976 in Richland County, Ohio of aggravated murder, felonious assault, and forgery. In this Petition, he asserts Ohio Senate Bill 2 revised the state's criminal sentencing structure and he is therefore incarcerated under repealed statutes. Petitioner filed at least six prior Petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2254 and § 2241 contesting this same conviction. For the reasons set forth below, the Petition is transferred to the United States Court of Appeals for the Sixth Circuit.

**Background**

Petitioner was convicted of aggravated murder, felonious assault, and forgery in 1976 and sentenced to death. While his case was being reviewed on direct appeal, the United States Supreme Court declared the death penalty to be unconstitutional. *See Lockett v. Ohio*, 438 U.S. 586 (1978); *Bell v. Ohio*, 438 U.S. 637 (1978). In accordance with these decisions, his sentence was commuted

to twenty years to life in prison. *See State v. Cotten*, 56 Ohio St. 2d 8, 13 (1978). The Ohio Supreme Court affirmed his conviction.

In 1985, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction. *See Cotten v. Marshall*, No. 85-3925, 1986 WL 16893 (6th Cir. April 17, 1986). The merits of his claims were considered, and his Petition was denied. *Id*.

Petitioner filed a second Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 in July 7, 2000, claiming that Ohio Revised Code § 5145.01 and § 5145.02 mandated his release from prison after serving the minimum term of his indefinite sentence and that the enactment of Ohio Senate Bill 2 invalidated his conviction. *See Cotten v. Mack*, No. 1:00 CV 1680 (N.D. Ohio Sept. 14, 2000). The merits of the claims in this Petition were also considered, and the Petition was denied. He filed a Motion to File a Successive Petition in that case with the Sixth Circuit Court of Appeals. That request was denied. *Id.*

Thereafter, Petitioner filed three more 2254 Habeas Corpus Petitions. *See Cotten v. Houk*, No. 1:05 CV 2560 (N.D. Ohio Jan. 20, 2006); *Cotten v. Turner*, No. 3:13 CV 1760 (N.D. Ohio Nov. 27, 2013); *Cotten v. Lazaroff*, No. 1:15 CV 856 (N.D. Ohio July 8, 2015). All three Petitions were transferred to the Sixth Circuit Court of Appeals for permission to file a successive Petition. All three requests were denied.

Petitioner then filed his sixth Habeas Petition. He attempted o avoid the successive Petition label by filing it under 28 U.S.C. § 2241 and 28 U.S.C. § 1651. He again asserted that the enactment of Ohio Senate Bill 2 in 1996 invalidated his conviction. The Court determined that Petitioner's attempt to circumvent the procedural bars of his past Petitions by filing that one under § 2241 was unavailing. All Petitions filed on behalf of persons in custody pursuant to state court judgments are

considered filed under § 2254 and are subject to the various restrictions imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") for obtaining habeas relief from a state conviction, including the restrictions on filing successive Petitions. The Petition was transferred to the Sixth Circuit for permission to proceed with a successive Petition. Permission was denied.

Undeterred, Petition now submits what is at least his seventh Petition. He continues to assert that when Ohio Senate Bill 2 was enacted in 1996, it revised the criminal sentencing scheme in Ohio, repealing the statutes under which he was convicted. He asserts he is entitled to immediate release from prison.

## Successive Petition

Although this Petition is also submitted under 28 U.S.C. § 2241 and the All Writs Act, 28 U.S.C. § 1651, it is subject to all of the restrictions imposed by 28 U.S.C. § 2254 because Petitioner is challenging his state conviction. *See Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006); *Byrd v. Bagley*, 37 Fed. Appx. 94, 95 (6th Cir. 2002). Under 28 U.S.C. § 2244(b)(3)(A), an applicant must move in the appropriate Circuit Court of Appeals for an Order authorizing the District Court to consider a second or successive Petition for a Writ of Habeas Corpus. The AEDPA makes clear that a District Court does not have jurisdiction to entertain a successive Petition for Writ of Habeas Corpus in the absence of an Order from the Court of Appeals authorizing the filing of such successive Motion or Petition. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). If a successive Petition is filed and the Petitioner has not obtained authorization to file it from the Court of Appeals, the District Court must transfer the Petition to the Court of Appeals for approval to file a successive Petition. *Id.*

This is the seventh Habeas Petition that Petitioner filed to challenge his 1976 murder

conviction. He has not sought leave to file a successive Petition. That being the case, this Court is without jurisdiction to entertain this Petition.

Accordingly, pursuant to *In re Sims*, 111 F.3d 45 (1997), this action is hereby transferred to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

July 30, 2020